DAVID W. BERNSTEIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bernstein v. Commissioner
Docket No. 311-72.
United States Tax Court
T.C. Memo 1975-253; 1975 Tax Ct. Memo LEXIS 122; 34 T.C.M. (CCH) 1088; T.C.M. (RIA) 750253; July 30, 1975, Filed David W. Bernstein, pro se. David N. Brodsky, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: The respondent determined a deficiency in the Federal income tax return of the petitioner for the taxable year 1969 in the amount of $4,684.63. Due to agreements and concessions by the parties, the issue for our decision is whether the petitioner is entitled to an interest deduction of $2,948.80 for amounts paid to the New York City Collector during the taxable year 1969 pursuant to section 163(a). [1]
FINDINGS OF FACT Some of the facts have been stipulated. Such facts and the exhibits *123 attached thereto are incorporated herein by this reference. Petitioner David W. Bernstein filed a Federal income tax return for the taxable year 1969 with the district director of internal revenue, Manhattan, New York. At the time of the filing of the petition herein, the petitioner's place of residence was New York, New York. During the taxable year 1969, the petitioner was engaged in the practice of law and accounting. One of his clients was Bucks Realty Co., owned by Rosalind Mandel who has since moved to Europe. Although the relationship of Bucks Realty Co. to the petitioner was primarily client-attorney, the petitioner performed miscellaneous managerial and accounting functions for the company. In addition, he was authorized to sign certain checks on the company. The petitioner testified that pursuant to an agreement with Rosalind Mandel, the petitioner in 1967 and 1968 periodically borrowed funds from Bucks Realty Co., with which Bucks Realty Co. would have otherwise paid its accrued New York City real estate tax liability. The understanding was that about July of 1969, the petitioner was to pay Bucks Realty Co.'s outstanding tax liability and the interest thereon. According *124 to the petitioner, the accrued interest was in effect the cost of the petitioner's borrowing from the company. The petitioner testified that pursuant to this arrangement he borrowed a total of $29,580.26 from the company and ultimately satisfied Bucks Realty Co.'s New York City real estate tax liability in the same amount plus the accrued interest of $2,948.80. Although the petitioner stated that he issued promissory notes to Bucks Realty Co. for the amounts he received periodically, which notes were later returned to him, he does not now have such notes in his possession. He has no other writings indicating either his liability to Bucks Realty Co. or his release to the company. The following checks on the petitioner's account at Manufacturers Hanover Trust Co., New York, were in fact drawn to the order of the "City Collector": Number
Date
Amount
1978
July 31, 1969
$29,580.26
1982
July 31, 1969
213.50
1983
July 31, 1969
2,735.30
On his Federal income tax return for the taxable year 1969, the petitioner deducted as interest the $2,948.80 paid to the city collector on July 31, 1969. The respondent determined that the petitioner failed to substantiate *125 properly that any amounts paid to the city collector in that year represented satisfaction of an interest liability of the petitioner and he accordingly disallowed the deduction. At the conclusion of the trial in this case, the Court ordered that the record be kept open to give the petitioner the opportunity to provide information as to any source from which the respondent might verify the indebtedness. The petitioner failed to take advantage of such opportunity and provided no information. OPINION Section 163(a) allows as a deduction "all interest paid or accrued within the taxable year on indebtedness." The burden of proof is on the petitioner to establish both the underlying indebtedness and that part of any payment in satisfaction of such indebtedness which reflects interest. See . No evidence was presented, besides the petitioner's testimony and the cancelled checks to the "City Collector," to verify that the petitioner was indeed indebted to Bucks Realty Co. Although given the opportunity, the petitioner failed to present any notes or other written instruments of indebtedness, the books or records of Bucks Realty Co., *126 or anybody previously associated with Bucks Realty Co., to substantiate his claim. In addition, even assuming an indebtedness existed, the petitioner has failed to show that he was obligated to pay interest. (C.A. 5, 1950), affirming a Memorandum Opinion of this Court. The fact that he drew checks payable to the "City Collector" is not sufficient. Considering all the facts and circumstances, the petitioner has failed to supply even the most meager proof that he is entitled to the deduction. We therefore uphold the respondent's determination as to this issue. In accordance with the above, Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩